## McDONALD v McDONALD et

Ohio Probate Court, Franklin Co

No 73026. Decided February, 1936

E. E. Addison, Columbus, for defendant.
Joseph Stanton, Columbus, for plaintiff.

## OPINION

By McCLELLAND, J.

We will first go to §10509-54 **GC**, which is properly known as the Exemption Statute, the essential provisions of the statute read as follows:

"When a person dies leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the

family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars, if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

It is further apparent that the chattel property mentioned in the above quoted statute, and which is selected by the surviving spouse, becomes the property of the surviving spouse immediately upon her selection of same. The statute then recited that if the property so selected is less in value than the amount of the exemption, the unpaid portion of the exemption shall be received by the surviving spouse and shall be a charge on all property, real and personal, belonging to the estate prior to the claims of all unsecured creditors of the deceased or of the estate.

It is therefore quite apparent that when there is not sufficient money in specie to be set off or delivered to the surviving spouse the unpaid portion shall be a charge upon the estate and shall be paid therefrom. This money in our opinion is a part of the estate until segregated, and when segregated, it becomes the property of the surviving spouse. It certainly is a part of the estate until it is segregated because the estate would have to be administered or some proceeding taken by which the money could be procured from the estate before it could be delivered to the surviving spouse.

The following words are especially significant * * * then such surviving spouse, guardian, or next friend shall receive such sum of money * * *. What was the inten-

tion of the Legislature when it used those words? If the surviving spouse shall receive the money, from whom shall she receive it? The only person who is authorized by law to pay out any money of the estate is the personal representative, who is either an administrator or an executor. If she is entitled to receive it, she therefore has a claim against the estate. which, according to the law is a secured claim, and it is only reasonable therefore to say that it is a debt of the estate.

Counsel for the movers have referred us to the opinion of the Attorney General as appears in the 1923 Volume, page 701, in which the exemption under the old statute in the amount of $500.00 was discussed. We are of the opinion that that case is not in point because the exemption under the old statute was created for an entirely different purpose than the exemption under the new statute. The exemption under the new statute was created for the purpose of compensating the surviving spouse for the loss by the enactment of the statute abolishing the vested dower interest as against the rights of creditors. The explanation of the probate code committee as given to the legislature is in the following words: "Under the old statute a vested dower right was considered an obligation against the estate and payable to the surviving spouse in money."

Let us now examine §10510-2, GC, which is the statute directing an executor or administrator to sell real estate under certain circumstances. This statute reads as follows:

"As soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate."

This statute apparently limits the purposes for which the real estate may be sold. It may be sold, first, for the payment of the debts of the decedent, and second, the allowance to the widow and children, third, the cost of administering the estate.

Let us now examine §10509-121 GC, which provides for the order in which the debts shall be paid. It reads as follows:

"Every executor or administrator shall proceed with diligence to pay the debts of

the deceased, applying the assets in the following order:

1. Bill of funeral director not exceeding three hundred fifty dollars, such other funeral expenses as are approved by the court, the expenses of the last sickness and those of administration.

2. The allowance made to the widow and children for their support for twelve months.

3. Debts entitled to a preference under the laws of the United States.

4. Public rates and personal property taxes. Any devisee taking any real estate under a devise in any will or an heir taking under the statutes of descent, shall take the same subject to all taxes, penalties and assessments, which are a lien against such real estate.

5. To every person who performed manual labor in the service of the deceased, before payment of the general creditors, the full amount of wages due to such person for such labor performed within twelve months preceding the decedent's death, not exceeding one hundred and fifty dollars.

6. Other debts as to which claims have been presented within four months after the appointment of the executor or administrator.

7. Debts due to all other persons. Such part of the bill of the funeral director as exceeds three hundred fifty dollars shall be included as a debt under item 6 .or 7 depending upon the time when the claim for such additional amount is presented."

It will be noted that there are certain debts to be paid under the last mentioned statute which are not mentioned in §10510-2 GC hereinbefore quoted. The bill of the funeral director is not mentioned in that statute. Debts entitled to preference under the laws of the United States are not mentioned. Public rates and personal property taxes are not mentioned. It is generally recognized at the present time that public rates and personal property taxes are not personal debts of the owner of the property. They are not such obligations upon which a personal judgment may be based.

It seems therefore that the Legislature, in enacting §10509-121 GC had in contemplation a larger group of obligations than was anticipated in §10510-2 GC. The two sections were enacted at the same time and in our opinion must be construed in the light of each other, and with an intention to make both of them operative.

We also have had our attention directed to §10510-23, GC, which authorizes the Probate Court, with the consent of the mortgagee, to sell land subject to the mortgage, but in such case the consent so given released the estate of the decedent should a deficit later appear. Conversely, then, the Probate Court would not have the right to sell property subject to a mortgage securing the decedent's obligation, had it not been for the enactment of this statute. We therefore feel that it was within the contemplation of the Legislature· that all of the obligations of the deceased or of the estate, whether secured by mortgage or not should be paid by the personal representative before a distribution to the heirs or devisees. If the personal representative cannot sell the property subject to a mortgage it is reasonable to assume that he could not sell it subject to any other lien.

Now by virtue of §10509-54 GC the unpaid portion of the widow's allowance payable in money is made a lien upon the estate of the deceased, and the same statute says that the widow may receive such sum of money. It therefore appears that it is the duty of the administrator or executor to see that the widow does receive such sum of money, and it is also his obligation to see that the estate is relieved of that obligation before it may be passed on to the heirs or devisees, or legatees as the case may be.

The only case which we have been able to discover which directly touches upon the question at issue is that of **Miller, Admr. v United Brethren Church et,** decided April 14, 1933, reported in **31 Nisi Prius,** (New Series) at page 43, the third syllabus of which reads as follows:

"Under §10509-54 GC, exempting certain property from administration, a surviving spouse has the privilege of selecting assets to satisfy the claim but is not required to make a selection. In the present case, therefore, the widow had a preferred claim to the extent of 20 per cent of the husband's estate but not exceeding $2500.00, which sum should be deducted, along with the allowance for first year's support, before determining the amount to be distributed to beneficiaries under the law and under the will."

Our attention has also been called to the case of **"Davidson v The Miners and Mechanics Savings & Trust Co., Exr. et,"** reported in **129 Oh St** at page 418, the second syllabus of which reads as follows:

"The widow's year's allowance and the allowance given her under §10509-54, GC,

are a debt and preferred claim respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow under the statute of descent and distribution."

Although the court did not have this question directly under consideration the court seems to assume that the widow's allowance is a debt and a preferred claim against the estate. If it is a debt of course it must be paid by the administrator or executor as the case may be.