**CLARK, ESTATE OF, In re**

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3433. Decided March 4th, 1942.

Paul M. Ashbaugh, Columbus, for administratrix.

McFadyen & Swisher, Columbus, for guardian.

### OPINION

By GEIGER, PJ.

This matter had its inception in the Probate Court of Franklin County, Ohio. Robert H. Clark died intestate on the 15th day of May, 1941, leaving Myrtle A. Clark, surviving spouse and Roberta Lee Clark, an adopted child of age 12 years, the only heirs-at-law and next of kin of the said Robert H. Clark.

Orla E. Rickey is the guardian of Roberta Lee Clark appointed as such on the 19th day of May, 1941.

On August 4, 1941, Orla E. Rickey, the guardian, filed an application in the Probate Court reciting the fact that Roberta Lee Clark, a minor of 12 years, is the adopted child of Robert H. Clark, deceased, she having been adopted by the said Robert H. Clark in 1929; that prior to his death Robert H. Clark was divorced from his former wife, one of the adopting parents and later married Myrtle A. Clark, the surviving spouse.

It is alleged that the decedent left certain real estate appraised at $5800.000 encumbered by a first mortgage upon which there is a balance owing of approximately $5143.00; that in addition thereto there is certain cash; that by virtue of §10,509-54 GC, 20% of said property was set aside, as exempt from administration which exemption is for the benefit of the surviving spouse and also for said minor child; that said minor child has been and is now living with the guardian and has no property other than that which she may receive from this property. The applicant requests the Court for an order granting to said child an equitable share of the aforesaid 20% and for such other rights as she may be entitled to.

There is filed in the case an "AGREED STATEMENT OF FACTS" which briefly recites that the statement is submitted by agreement of Myrtle A. Clark, surviving spouse and Orla E. Rickey, guardian. Said statement recites, in substance,

(1) Robert H. Clark died intestate on the 15th day of May, 1941, leaving Myrtle A. Clark surviving spouse and Roberta Lee Clark an adopted child his only heirs and next of kin.

(2) Orla E. Rickey is the acting guardian of said minor being appointed on the 19th day of May, 1941.

(3) Roberta Lee Clark was born in March, 1929 and in July of the same year was adopted by Robert H. Clark and Leona L. Clark, his then wife.

(4) Leona and Robert Clark were divorced in 1933.

(5) In October, 1933, Robert H. Clark brought the adopted child to the home of Orla E. Rickey, the guardian, and requested him to provide accommodations for said child, stating that he would pay

for her expenses. Said child has been living at the home of the guardian since that date. In May, 1934, Robert H. Clark married Myrtle A. Alberton who remained his wife until his death.

(6) At the time of his death Robert H. Clark owned real estate appraised at $5800.00 and approximately $500.00 in cash, the same being listed as the sole assets of the estate of Robert H. Clark. There is a mortgage on the real estate in the sum of $5134.00.

(7) Roberta Lee Clark and Myrtle A. Clark, the surviving spouse, are not related in any manner and have never lived together and Robert H. Clark directed prior to his death that Roberta should continue to live with Orla E. Rickey and be raised in his home.

(8) Myrtle A. Clark, the surviving spouse, claims that the entire 20% exemption allowed under §10,509-54 GC, et seq., should be hers and that there should be no apportionment to Roberta Lee Clark.

(9) It is agreed that the issue before the Court is whether or not said Roberta Lee Clark is entitled to have said exemption apportioned so that a portion thereof may be set aside to her under said Code sections.

On September 23, 1941, the cause came on to be heard upon the application for an order apportioning the 20% exemption between Myrtle A. Clark, surviving spouse, and Roberta Lee Clark, adopted daughter, and upon an agreed statement of facts. The Court finds that there is no authority in law for the apportionment of said 20% and that therefore the applicant is not entitled to the relief prayed for and it is ordered that the application be dismissed.

Thereupon, within proper time, Orla E. Rickey, guardian, gave notice of appeal on questions of law

to the Court of Appeals of Franklin County, Ohio, from the judgment of the Probate Court entered on the 23rd day of September, 1941.

There is no bill of exceptions filed in this case.

The Probate Court rendered a decision in which he points out the ambiguity of and indefinite and confusing language of the statute and recites its provisions in connection with §10,509-54, the succeeding section, the provisions of which we will note.

The Court recites the provisions of the latter section to the effect that "such exempted sum of money as is received by a surviving spouse shall belong to such surviving spouse". The Court concludes that inasmuch as there is no chattel property as enumerated in the section and inasmuch as the exemption consists solely of money he holds, that the money belongs to the surviving spouse and that the Court had no power to direct the payment of any of the same to the guardian or next friend of the surviving minor.

The error assigned by the guardian in this Court is that the Court erred in refusing to apportion the 20% exemption allowed to the surviving spouse and the minor child so as to allow the minor child a portion of said exemption. The Court below in his opinion states:

"This application again puts upon this Court the obligation to construe, or attempt to construe, the ambiguous, indefinite and confusing language of the exemption statute."

We quite readily agree with the Court that all that has been said by him in reference to this statute, is justified.

Sec. 10,509-54 GC, under the heading "PROPERTY EXEMPT FROM ADMINSTRATION" pro-

vides, in substance, that when a person dies leaving a surviving spouse or minor child certain property, if selected, shall not be deemed assets or administered as such, but must be included in the inventory. The property specifically enumerated includes household goods, certain tools, wearing apparel, heirlooms, pictures and books to be selected by such surviving spouse, or if there is no surviving spouse, then by the guardian not exceeding in value 20% of the appraised value of the property, real and personal, but in no event is the value of the property not deemed assets to be more than $2500.00, if there be a surviving spouse, nor more than $1000.00, if if there be no surviving spouse, but surviving minor children, not less than $500.00 in either case, if there be so much comprised in the inventory and selected as provided; or, if the personal property be of less value than the total amount which may be selected, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount and such sum shall be a charge on all property prior to the claim of unsecured creditors.

Sec. 10,509-55 GC, under the heading "DISPOSITION OF EXEMPTED PERSONAL CHATTELS" states, in substance, that except money and wearing apparel of the deceased the property exempted from administration shall remain in the possession of the surviving spouse, if any, during the time the spouse lives with and provides for such minor child; when such surviving spouse ceases to do so, she must be allowed to retain certain chattel property consisting of his or her wearing apparel, ornaments and certain household articles. The other articles so exempted and not consumed shall then belong to such minor child or children. If there be a surviving spouse and no minor child then such articles shall belong to the surviving spouse. **Such exempted sum of money as is received by the surviving spouse shall belong to such surviving spouse.** (Emphasis ours.)

The comments under this §10,509-54 GC are to the effect that under this new statute the amount of property exempt from administration in case there is a surviving spouse or minor child of the deceased has been greatly increased. The purpose of this increase is to compensate the spouse for the loss of the vested dower rights which have been abolished under §10,502-1, GC and to supplement the other compensatory increase in the distributive share given to the spouse by the new statute of descent and distribution. Where there are minor children, but no surviving spouse, their share of exempt property has been increased to a possible maximum of $1000.00. The widow or widower or guardian may select household goods, etc., to the value of 20% of the gross estate, but not less than $500.00 nor more than $2500.00. If these are less than 20% of the gross estate, the balance is to be paid them in money. This balance is a prior claim on the proceeds of the conversion of the personalty into money. If that be insufficient, then the proceeds from the sale of the real estate. This is in addition to the year's allowance for support if the person entitled thereto is a widow or minor under 15 years.

Simply for reference we cite §10,509-74 and 75 as providing for year's allowance.

We may briefly summarize the provisions of the statute, §10,509-54, to the effect that when a person dies leaving a surviving spouse or minor child the property enumer-

ated, if selected as provided shall not be deemed assets to be administered. The same is to be selected by the surviving spouse, or if there is none, by the guardian of the minor, but shall not exceed 20% of the appraised value of both real and personal property, but in no event is the value to exceed $2500.00; if there is a surviving spouse, no more than $1000.00, and if there is no surviving spouse but a surviving minor child, no less than $500.00 in either case, if there be so much in the inventory and selected as herein provided. If the personal property be of less value than the total amount that may be selected, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the real property and such amount.

**Sec. 10,509-55 GC** as heretofore pointed out, provides that **except money** and except wearing apparel of the deceased, the property so exempted shall remain **in the possession of the surviving spouse** during the time such spouse lives with and provides for such minor child and when such spouse ceases to do so she must be allowed to retain her wearing apparel and certain household goods. The other articles so exempted and not consumed shall then belong to the minor child. If there be a surviving spouse and no minor child, then the articles shall belong to the surviving spouse. **Such exempted sum of money as is received by the surviving spouse shall belong to such surviving spouse.**

The interpretation of this latter section seems to be that in the disposition of the exempted personal chattels, money and wearing apparel of the deceased shall remain in the possession of the surviving spouse only during the time such surviving spouse lives with the minor child, but if the surviving spouse ceases to live with the child he or she is allowed to retain his or her wearing apparel and certain household furniture. It is difficult to understand why there should be a provision that, if the surviving spouse ceased to live with the minor child he or she must be allowed to retain his or her wearing apparel, ornaments and certain household goods. Probably what the statute intended to provide was that when the spouse ceases to live with the minor child he or she must be allowed to retain the wearing apparel belonging to the **deceased** and not his or her own wearing apparel. The statute does not say this, but we give it that interpretation. Thereupon the other articles exempted which the statute earlier provides shall remain in the possession of the surviving spouse, which have not been consumed, shall belong to the minor child. That is, the minor child, upon the surviving spouse ceasing to live with it, is entitled to all the unconsumed property specifically enumerated in §10,509-54 **GC, except money.** In other words, the provision is to the effect that during the time the surviving spouse is living with the minor child she retains possession of this enumerated chattel property not deemed assets of the estate, but that in the event the surviving spouse deserts the minor child, then there shall be a division giving only certain articles to the surviving spouse, less in number than those which are selected and not deemed assets, but that the minor child shall have the rest of such property.

The difficult provision of **Section 10509-55** is first to determine whether, on desertion of the minor, the "other articles so exempted and not consumed shall then belong to

the minor child" shall include money. In the case at bar there was no, or little, chattel property such as enumerated in §10,509-54. The statute provides that if there be a surviving spouse and no minor child, then such articles shall belong to the spouse. There is no difficulty about that provision but the next sentence **"such exempted sum** of money as is received by a surviving spouse shall belong to such surviving spouse."

The contention of the appellee is that the sentence provides that all exempted money that may have been received by the surviving spouse shall belong to her irrespective of whether or not there are minor children.

On the other hand, it is contended that the reference to such exempted sum of money means only such sum of money as is received by a surviving spouse in the event that there are "no minor child or children", and it is urged that in this case there being a minor child who is not living with nor provided for by the surviving spouse that the exempted sum of money shall not, by virtue of the last sentence of the section, belong to the surviving spouse alone, but shall belong to the surviving spouse and the minor child and that the Court should apportion the amount between the two.

Sec. **10,509-54 GC** provides that if the personal property **so selected** be of less value than the total amount which may be selected, then such surviving spouse, guardian or next friend shall receive such sum as shall equal the difference between the value of the personal property so selected and the amount that may be selected and such sum shall be a charge on all the property, real and personal. It is urged that under this provision that if the selected property, no matter who selects the same, is less in amount than that sum which is allowed by the statute, that the surviving spouse, guardian or next friend shall receive such sum of money. The statute earlier provides that the **property is to be selected by the surviving spouse,** or if there be no surviving spouse, by the guardian or next friend. If we read the statute consistently we must arrive at the conclusion that if the personal property has been selected by the surviving spouse, then if it be of less value than the ▮▮▮▮▮▮ ▮ total amount which may be selected, whoever had the right to make the selection originally, shall be the one to receive the sum of money that shall be equal to the difference between the value of the personal property and the amount that may be so selected.

The statute provides that the value of the property not deemed assets shall not be more than **$2500.00** if there be a surviving spouse, nor more than $1000.00, if there be no surviving spouse, but surviving minor child or children, and in neither case shall it be less than $500.00. It would thus appear that the Legislature intended that the surviving spouse could claim to the extent of $2500.00, whereas, if there was no surviving spouse the maximum sum that could be claimed on behalf of guardian of minors would be $1000.00. This evidences the intention that the surviving spouse could hold exemptions for much more than could be claimed by minor children, no matter how many in number they may be. Of course, this could be taken into consideration by the judge who might make the appointment on the ground that the surviving spouse produced more for the fund than did the minor. The surviving spouse alone might claim as exemptions the total of $2500.00,

232

whereas, all of the minors would be limited to the sum of $1000.00 if there was no surviving spouse.

We are forced to the conclusion that the statute does not provide that the minor child shall receive any portion of the decedent's estate, except the portion of the exempted chattels that are specifically awarded to the minor when the surviving spouse ceases to live with or provide for the minor.

We are not any more in sympathy with such provision of the statute than is the court below, as expressed in his opinion, but we can not re-write the statute and must affirm the decision of the Court for the reasons stated by him and concurred in by us.

BARNES, J., concurs.
HORNBECK, J., concurs in judgment.