**SCHNEIDER, Estate of, In re.**

Probate Court, Ashtabula County.

No. 33095. Decided August 4, 1952.

John F. Clair, Jr., Willoughby, for David Schneider, guardian of Helen Schneider.

Homer A. Miner, Cleveland, for Eileen Schneider.

## OPINION

By PERRY, J.

On June 19, 1952, David G. Schneider, the duly qualified guardian of Helen Schneider, filed his application in the Estate of George A. Schneider requesting that the property set off to the widow, Eileen Schneider, as exempt from administration be ordered transferred to him on behalf of his ward under the authority of §10509-55 GC, for the reason that the surviving spouse, Eileen Schneider, has not lived with or provided for Helen Schneider, a minor child of the decedent. Sec. 10509-55 GC, reads as follows:

"Except money and except the wearing apparel of the deceased, the property so exempted from administration shall remain in the possession of the surviving spouse, if any, during the time such spouse lives with and provides for such minor child or children; when such surviving spouse ceases to do so, he or she must be allowed to retain his or her wearing apparel, ornaments, and one bed, bedstead, and the bedding for it. The other articles so exempted, and not consumed, shall then belong to such minor child or children. If there be a

surviving spouse and no minor child or children, then such articles shall belong to the surviving spouse. Such exempted sum of money as is received by a surviving spouse shall belong to such surviving spouse."

George A. Schneider died a resident of Geneva, Ohio on March 9, 1952. He was survived by Eileen H. Schneider, his widow, and by David Schneider, age 21, and Helen Schneider, age 17, his children. The relationship between Eileen H. Schneider and David and Helen Schneider is that of step-parent and step-children.

For some time prior to the death of the decedent, said minor child, Helen Schneider, did not live with her parents in Geneva. She chose instead to live in Mentor in order to pursue her education and later to live in Cleveland where she was employed. But she did receive some support from time to time from her father before he died.

Since the decedent's death Eileen Schneider has been ready and willing to support and provide for Helen Schneider. But she has not done so for the reason that Helen Schneider has been employed in the City of Cleveland and has resided there since the death of George A. Schneider. Eileen Schneider has neither abandoned nor deserted Helen Schneider, and Helen Schneider has not sought the aid of her stepmother for support.

In the inventory and appraisement of the estate of George A. Schneider, approved on April 30, 1952, certain property was set off to the widow, Eileen H. Schneider, as property exempt from administration under the authority of §10509-54 GC. This consisted of an automobile appraised at nine hundred fifty dollars ($950.00) and three hundred fourteen and 10/100 ($314.10) in money, being the balance of the twenty per cent owing to her under that schedule. The inventory showed, however, that there was no money actually in the estate. No exceptions to the inventory and appraisement were taken by any person.

Sec. 10509-54 GC, provides as follows:

"When a person dies leaving a surviving spouse, or a minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, live stock, grain, feed, hay, tools, implements, automobiles, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the

appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

The first question to be decided is whether Eileen H. Schneider has a right to receive three hundred fourteen and 10/100 dollars ($314.10) from the estate of George A. Schneider.

In the case of **In re Estate of Clark, 70 Oh Ap 204, 43 N. E. 2d 621 (1942)** it was held that money set off to the widow remained hers absolutely although she did not live with or provide for the minor child or children.

**Sec. 10509-54 GC,** providing that the surviving spouse has a power of selection over certain items of personal property of the decedent and that the difference between the value of the property so selected and the maximum value that could be selected shall be paid in money and such sum shall be a prior claim against all property of the decedent has the effect of giving the surviving spouse the absolute ownership of such money. **Sec. 10509-55 GC,** takes nothing away from this right that is conferred by **§10509-54 GC** because the words "except money and except the wearing apparel of the deceased, the property so exempted from administration shall remain in the possession of the surviving spouse" have the effect of excepting money from that class of property to which the surviving spouse has only a right of possession subject to be defeated in case such spouse ceases to live with and provide for the minor child or children of the decedent.

This result is further confirmed by the last sentence of **§10509-55 GC,** which provides that "such exempted sum of money as is received by the surviving spouse shall belong to such surviving spouse." This sentence does not limit the spouse's ownership of such money only to the case where there are no minor children as does the preceeding sentence of that section with respect to certain articles of personal property. The effect of this section is therefor to grant absolute owner-

ship to the spouse of such money as she may have received as property exempt from administration.

A question not raised by the facts of the Clark Case is presented in this case. The problem is whether the words "except money and except the wearing apparel **of the deceased**" and "such exempted sum of money **as is received by a surviving spouse**" in §10509-55 GC, mean that the spouse's right to receive money from the estate as against minor children depends on the decedent having owned money at the time of his death, and upon the spouse having actually received that money. Where the estate contains no money in specie, the right of the surviving spouse to receive money under §10509-54 GC, is a preferred claim and is in the nature of a debt. **McDonald v. McDonald, 20 Abs 421 (1936). Sec. 10509-55 GC,** however, applies only to certain chattel property capable of remaining in the "possession" of the surviving spouse. and does not apply to a debt of the estate in favor of the surviving spouse. This claim of the surviving spouse is not "property so exempted from administration" or among "other articles so exempted" within the meaning of §**10509-55 GC,** and is thus not subject to be defeated should the surviving spouse cease to live with or provide for the minor child or children of the decedent.

It may be concluded that §**10509-55 GC,** recognizes two classes of exempted property: First, money, wearing apparel, ornaments, bed, bedding and bedstead of the decedent and second, all other property of the decedent entitled to be set off under §**10509-54 GC.** The first group of named items, if set off to the surviving spouse, may be retained by her even though she ceases to live with and provide for the minor child or children. As to any other property set off to such surviving spouse, the spouse has a right of possession and a power of consumption. This right of possession terminates when she ceases to live with and provide for the minor child or children, and such property then belongs to such minor child or children. A third class of property consisting of claims against the estate in the nature of debts must also be considered. This class does not include property of the decedent, but rather claims against the property of the decedent. Where there is no money in specie in the estate, as is the case here, and the value of the property selected by the surviving spouse as exempt from administration is less than the maximum amount that she would be entitled to select, the remainder, which becomes a right to receive money from the estate, is within this third class of property and may not be defeated although such surviving spouse ceases to live with and provide for the minor child or children of the decedent.

The second question presented is whether the minor child, Helen Schneider, may claim the automobile that has been set off to the widow, Eileen Schneider, as property exempt from administration. This question involves an issue not raised in connection with the controversy over the money, for an automobile is in that class of property within the meaning of §10509-55 GC to which the surviving spouse has only a right of possession which terminates when he or she ceases to live with and provide for the minor child or children. An automobile is thus not in the same class of exempted property as money, wearing apparel, ornaments, bed, bedding and bedstead.

Although it may be admitted that the surviving spouse has not lived with or provided for the minor children since the decedent's death, the question arises whether it is proper to apply the forfeiture provision of §10509-55 GC, in the absence of a finding that such spouse deserted or abandoned such minor child or children or was otherwise at fault in causing the family unit to be broken up. Termination of the surviving spouse's right of continued possession is, in effect, a forfeiture, and it is fundamental that a statute providing for a forfeiture or penalty must be strictly construed, and no forfeiture will be imposed unless such a result is in conformity with both the letter and the spirit of the statute. For this reason §10509-55 GC, is not applicable to terminate a surviving spouse's right of possession in property set off to such spouse as exempt from administration unless such spouse has deserted or abandoned the minor child or children of the decedent or has otherwise been at fault in causing the family unit to be broken up. **Cowden v. Cowden, 28 O. O. 103,** 140 O. Supp. 98 (1935). **Sec. 10509-55 GC,** is not applicable where a minor child has voluntarily left the home of her parents in order to pursue her education or in order to seek or pursue employment in a city other than that in which her parents have resided. The word "ceases" in the statute connotes action on the part of the surviving spouse and not action on the part of the minor child.

Unless this section is construed as penalizing the surviving spouse only where she is at fault, unwarranted power would be given to the minor child to deprive such spouse of the property she may have selected under authority of the exemption statute. This result would tend to defeat the purpose of the exemption statute which is to compensate the widow for her loss of vested dower. Such a result would also amount to giving the minor child who wrongfully leaves home a windfall in view of the fact that where there is a surviving spouse the minor child is entitled to no exemption.

The applicant has conceded that §10509-55 GC, provides a method of protecting the minor child of the deceased parent by giving her certain household goods in the event of the abandonment of her by the surviving parent. But it is contended that the section was drawn with the usual family unit in mind and that not to transfer to the stepchild those chattels which the stepmother has had set off for her exemption would deprive the child of that exemption to which such child would have been entitled had there been no surviving spouse while at the same time the child would not be entitled to be supported by the stepmother.

It would do violence to the language used by the legislature to attribute an intention to include an actual mother in the term "surviving spouse" but to exclude a stepmother from that term. The expression "surviving spouse" is equally applicable in both cases. The legislature thus presumably did not intend a difference in result depending upon this distinction between an actual mother and a stepmother.

The applicant contends that §10509-55 GC, does not place a duty of support upon the step-parent, and this is no doubt correct. But although there may be no duty of support owing to a minor stepchild, it is not beyond the power of the legislature to condition the continued possession by a surviving spouse of the chattels of a decedent upon living with and providing for such minor child or children. This is all that §10509-55 GC, purports to do.

Where there is a minor child or children but no surviving spouse, such child or children are entitled to an exemption, not to exceed one thousand dollars. But where there is a surviving spouse, the child or children of the decedent are entitled to no exemption. In such case the child or children may receive support from the surviving spouse whether that spouse be an actual parent or a step-parent. Although §10509-55 GC, does not impose a duty of support it conditions the continued possession of certain of the chattels of the decedent upon such spouse giving support, whether a duty of support is owed or not. If such support is not forthcoming, then the chattels are forfeited to such minor child or children. In this way reasonable protection of the interests of the child or children of the decedent is afforded.

For these reasons it is improper to apply the forfeiture provision of §10509-55 GC, in this case. The application of the guardian of Helen Schneider is therefore denied.